UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BENNIE LEE GAMBLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:16-cv-099-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| JACK CONWAY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Bennie Lee Gamble, Jr., now a resident of Texas City, Texas, has filed a *pro se* complaint alleging that in 2002 defendants Kentucky Attorney General Jack Conway, Commissioner Robert Foster, and the Kentucky Department of Corrections violated unidentified civil rights by falsely imprisoning him, and seeks $10 million in damages for resulting emotional harm. [R. 1.] He has also filed a motion to proceed *in forma pauperis* [R. 4], on the wrong form. Nonetheless, the Court will grant his fee motion for the limited purpose of conducting the initial screening required by 28 U.S.C. § 1915(e)(2).

As this Court has noted before,

> Gamble has a well-established history as a repetitive and abusive filer before this Court, and each of the defendants he has named in his "criminal complaints" was a named defendant in one or more of several prior civil rights actions filed by Gamble in an effort to overturn his Kentucky state convictions. Each case was dismissed by this Court upon initial screening. *Gamble v. Corrections Corp. of America*, No. 7: 12-CV-79-KKC (E.D. Ky. 2012); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-63-ART (E.D. Ky. 2013); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-82-ART (E.D. Ky. 2013); *Gamble v. Commonwealth of Kentucky*, No. 5: 13-CV-308-DCR (E.D. Ky. 2013); *Gamble v. Ky. Dept. of Corr.*, No. 5: 13-CV-317-KKC (E.D. Ky. 2013); *Gamble v. Bottom*, No. 5: 13-CV-326-JMH (E.D. Ky. 2013); *Gamble v. Conway*, No. 5: 13-CV-327-JMH (E.D. Ky. 2013); *Gamble v. Peckler*, No. 5: 13-CV-328-KSF (E.D. Ky. 2013).

*Gamble v. Thapar*, No. 7: 14-41-KKC (E.D. Ky. 2014).  Since 2010, Gamble has filed nearly fifty habeas corpus petitions and civil rights actions, nearly all of which have been promptly and summarily dismissed.

His present complaint fares no better.  The entirety of his allegations are that he was "falsely imprisoned" because the police "violated my rights."  [R. 1 at 4.]  Gamble provides no factual basis whatsoever for these claims, and a complaint which consists entirely of conclusory statements and legal conclusions fails to state a viable claim for relief.  A complaint must do more: it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Simply labeling the defendants' actions - whatever they might have been - as "wrongful" or a violation of unidentified civil rights deprives the defendants of notice of the conduct complained of, a notice to which they are entitled.  Because the complaint does not provide any factual basis for the claims set forth in the complaint, it must be dismissed for failure to state a claim.  *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.")

Second, as with many of Gamble's previously-dismissed cases, his assertion that he was imprisoned "falsely" is plainly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  See *Gamble*

2

*v. Corrections Corp. of America*, No. 7: 12-CV-79-KKC (E.D. Ky. 2012).  And, to the extent his claims are not barred by issue preclusion and/or claim preclusion in light of the repeated dismissal of his prior complaints, his blank references to a violation of civil rights beginning in 2002 can be read as asserting a state law negligence claim or an Eighth Amendment deliberate indifference claim, but such claims would be plainly time-barred by Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a).  *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).  For these reasons, Gamble's complaint will be dismissed with prejudice.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

1. Gamble's motion to proceed *in forma pauperis* [**R. 4**] is **GRANTED**; and

2. Gamble's complaint [**R. 1**] is **DISMISSED WITH PREJUDICE**; and

3. The Court will enter an appropriate judgment; and

4. This matter is **STRICKEN** from the active docket.

This the 21st day of December, 2016.

Gregory F. Van Tatenhove
United States District Judge